
FILED
DEC 0 7 2010

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | \* | CR. 10-30053(01)-RAL |
| Plaintiff, | \* | |
| | \* | MEMORANDUM OPINION AND |
| -vs- | \* | ORDER DENYING SEVERANCE |
| LORI SEEKING LAND, | \* | |
| Defendant. | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## SUMMARY

Lori Seeking Land has filed a motion requesting that she be severed from the two co-defendants in her criminal case. She is alleged to have conspired with Richard Alan Miller, Jr., and her brother, Merle E. Seeking Land, to distribute methamphetamine over a 22-month time period and to have distributed, herself, methamphetamine on two separate, but specific, occasions. She claims that she will be severely prejudiced if tried with Miller and her brother and asks for a separate trial. Because Seeking Land was properly joined and will not suffer real prejudice by a joint trial, her severance motion must be denied.

## FACTUAL BACKGROUND

The pertinent facts and procedural history can be briefly stated. Between October, 2008 and July, 2010, Seeking Land is alleged to have conspired with Miller and her brother to knowingly and intentionally distribute and possess with intent to distribute 50 grams or more of methamphetamine, a Schedule II controlled substance in violation of 21 U.S.C. §846. The Indictment also charges that on or about November 24, 2009 and January 14, 2010, Seeking Land, herself, knowingly and intentionally distributed a detectable amount of methamphetamine, contrary to §841(a)(1). Seeking Land has pled not guilty to all three offenses and a jury trial is currently scheduled for January 11, 2011.

## JOINDER AND PREJUDICE UNDER THE FEDERAL RULES

Rule 8(b) of the Federal Rules of Criminal Procedure provides that two or more defendants may be charged in the same indictment "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses."[1] A court may grant a severance of trials though "[i]f joinder ... of defendants in an indictment ... appears to prejudice a defendant."[2]

---

[1] *United States v. Jenkins-Watts*, 574 F.3d 950, 967 (8th Cir. 2009), *cert. denied*, 130 S.Ct. 1915 (2010).

[2] Fed. R. Crim. P. 14(a); *Jenkins-Watts*, 574 F.3d at 967.

2

"Rarely, if ever, will it be improper for co-conspirators to be tried together."[3] To warrant severance, "a defendant must show 'real prejudice'", that is, "something more than the mere fact that [s]he would have had a better chance for acquittal had [s]he been tried separately."[4] The question whether a denial of a severance motion results in "real prejudice" turns in large part on whether a jury is able to compartmentalize the evidence against each defendant.[5] The mere fact that the defendants may have potentially antagonistic defenses and that hostility may result if one of them attempts to save him/herself at the expense of the other is not enough to warrant severance.[6] Likewise, the fact that one of the defendants may try to shift the blame to the other does not mandate separate trials.[7]

---

[3] *United States v. Patterson*, 140 F.3d 767, 774 (8th Cir.), *cert. denied*, 525 U.S. 907 (1998); *United States v. Wint*, 974 F.2d 961, 965 (8th Cir. 1992), *cert. denied*, 506 U.S. 1062 (1993); *see also United States v. Gravatt*, 280 F.3d 1189, 1191 (8th Cir. 2002) ("Persons charged in a conspiracy or jointly indicted on similar evidence from the same or related events should be tried together, even if each defendant did not participate in or was not charged with each offense.")

[4] *United States v. Mickelson*, 328 F.3d 810, 817-18 (8th Cir. 2004) (*quoting United States v. Adkins*, 842 F.2d 210, 211-12 (8th Cir. 1998)); *see also United States v. Sandstrom*, 594 F.3d 634, 644 (8th Cir.), *cert. denied*, 131 S.Ct. 192 (2010).

[5] *United States v. Bordeaux*, 84 F.3d 1544, 1547 (8th Cir. 1996); *United States v. Blum*, 65 F.3d 1436, 1444 (8th Cir. 1995), *cert. denied*, 516 U.S. 1097 (1996); *see also Sandstrom*, 594 F.3d at 644.

[6] *Bordeaux*, 84 F.3d at 1547; *United States v. Shivers*, 66 F.3d 938, 940 (8th Cir.), *cert. denied*, 516 U.S. 1016 (1995); *see also Sandstrom*, 594 F.3d at 644.

[7] *United States v. Lewis*, 557 F.3d 601, 609 (8th Cir. 2009); *Bordeaux*, 84 F.3d at 1547; *United States v. Johnson*, 944 F.2d 396, 402-03 (8th Cir.), *cert. denied*, 502 U.S. 1008 (1991).

3

This is not a complex case or one in which a jury is likely to be confused and incapable of properly "compartmentalizing" the evidence.[8] Indeed, the case involves just three defendants, all of whom are charged with committing the same drug conspiracy offense, and two separate drug distribution offenses that apply only to Seeking Land.[9] Any assumed disparity in the evidence, where for example, certain evidence is admissible against the co-defendants, but not Seeking Land, does not compel the granting of her severance motion.[10]

Because joinder is proper under Rule 8, Seeking Land has a "heavy burden" of demonstrating that a joint trial will impermissibly infringe on her right to a fair trial.[11] She has failed to overcome the "strong presumption" against severing properly joined cases,[12]

---

[8]*See United States v. Pherigo*, 327 F.3d 690, 693-94 (8th Cir.), *cert. denied*, 539 U.S. 969 (2003); *Bordeaux*, 84 F.3d at 1547; *United States v. Jones*, 880 F.2d 55, 63 (8th Cir. 1989).

[9]*See Doc. No. 3.*

[10]*See United States v. Spotted Elk*, 548 F.3d 641, 658 (8th Cir. 2008), *cert. denied*, 129 S.Ct. 1658 (2009); *Bordeaux*, 84 F.3d at 1547; *McGuire*, 45 F.3d at 1187.

[11]*United States v. Warfield*, 97 F.3d 1014, 1019 (8th Cir. 1996), *cert. denied*, 520 U.S. 1110 (1997); *see also Sandstrom*, 594 F.3d at 644.

[12]*See* United States v. Bauer, *551 F.3d 786, 791 (8th Cir. 2008); United States v. Ruiz,* 412 F.3d 871, 886 (8th Cir. 2005); *United States v. Noe*, 411 F.3d 878, 886 (8th Cir. 2005), *cert. denied*, 546 U.S. 1201 (2006).

and, more importantly, to sustain her burden of showing "real prejudice."[13] This being the case, she is not entitled to severance under Rule 14(a).

## BRUTON

Although Seeking Land does not claim prejudice or seek relief based on *Bruton v. United States*,[14] the Court feels compelled to address the *Bruton* issue. In *Bruton* the Supreme Court held that the Confrontation Clause was not violated when a confession of one defendant implicating another was placed before the jury at the defendants' joint trial and the confessing defendant did not take the witness stand and was therefore not subject to cross-examination.[15] The rule espoused in *Bruton* is not violated and a defendant's right of confrontation is not abridged, however, when an extra-judicial statement of a co-defendant is admitted as a declaration by a co-conspirator in the course and in the furtherance of a conspiracy[16] or when a co-defendant declarant testifies at trial.[17] An out-of-court statement of a co-conspirator, therefore, is not hearsay and is admissible against another co-conspirator if it is shown that a conspiracy existed, that the defendant and the

---

[13]*See United States v. Davis*, 534 F.3d 903, 916-17 (8th Cir. 2008), *cert. denied*, 129 S.Ct. 1388 (2009); *Warfield*, 97 F.3d at 1018; *McGuire*, 45 F.3d at 1187.

[14]391 U.S. 123 (1968).

[15]391 U.S. at 126, 137.

[16]*See United States v. Nelson*, 988 F.2d 798, 806-07 (8th Cir.), *cert. denied*, 510 U.S. 914 (1993).

[17]*See United States v. Coco*, 926 F.2d 759, 761 (8th Cir. 1991).

declarant were members of the conspiracy, and that the statement was made during the course and furtherance of the conspiracy.[18]

Yet even if a *Bruton* issue did exist, adequate safeguards can be implemented to obviate the need for severance under the Confrontation Clause. In *Richardson v. Marsh*,[19] the Supreme Court held that the Confrontation Clause was not violated by the admission of a non-testifying co-defendant's confession that was redacted to eliminate the defendant's name and any other reference to the defendant's existence.[20] Thus, under *Richardson*, and in accord with precedent handed down after it,[21] statements made by a co-defendant are admissible if and when a proper limiting instruction is given and the identity of the declarant is redacted and replaced with a neutral pronoun or identifier. Assuming this is done here with any statements made by Miller and Seeking Land's brother, severance is not constitutionally obligatory.[22]

---

[18]Fed. R. Evid. 104, 801(d)(2)(E); *see also United States v. Bell*, 573 F.2d 1040, 1043-45 (8th Cir. 1978) (explaining these two Rules and the admissibility of co-conspirator statements).

[19]481 U.S. 200 (1987).

[20]481 U.S. at 206-11.

[21]*See Gray v. Maryland*, 523 U.S. 185 (1998); *United States v. Logan*, 210 F.3d 820 (8th Cir.) *(en banc), cert. denied*, 531 U.S. 1053 (2000).

[22]*McGuire*, 45 F.3d at 1187; *United States v. Miller*, 995 F.2d 865, 866-67 (8th Cir.), *cert. denied*, 512 U.S. 1018 (1993).

## CONCLUSION

The Court is convinced that there are no overriding reasons or unique circumstances present that would compel the granting of a separate trial to Seeking Land. She was properly joined as a co-defendant and would not be clearly prejudiced, under either Rule 14 or the Sixth Amendment, if tried with Miller and her brother.[23] Accordingly, it is hereby

ORDERED that Seeking Land's Motion for Severance, found at Docket No. 70, is denied.

Dated this 7th day of December, 2010, at Pierre, South Dakota.

BY THE COURT:

/s/ Mark A. Moreno

MARK A. MORENO
UNITED STATES MAGISTRATE JUDGE

---

[23] *See Zafiro v. United States*, 506 U.S. 534, 539-41 (1993); *United States v. Lane*, 474 U.S. 438, 449; *Sandstrom*, 594 F.3d at 644-50.